UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

PAUL J. W.,

Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

Defendant.

Case No. C25-2462-SKV

ORDER AFFIRMING THE COMMISSIONER'S DECISION

Plaintiff seeks review of the denial of his applications for Supplemental Security Income (SSI) and Disability Insurance Benefits (DIB). Having considered the ALJ's decision, the administrative record (AR), and all memoranda of record, the Court **AFFIRMS** the Commissioner's final decision and **DISMISSES** the case with prejudice.

**BACKGROUND**

Plaintiff was born in 1981, has a high school education, and has worked as a furniture assembler. *See* AR 29, 47. He was last gainfully employed in or around 2019. *See* AR 320.

On December 20, 2022, Plaintiff applied for benefits, alleging disability as of January 1, 2005. *See* AR 17. His date last insured for purposes of DIB benefits is September 30, 2021, *see* AR 20, and he later amended his alleged onset date to September 1, 2021, *see* AR 44-45.

Plaintiff's applications were denied initially and on reconsideration, and Plaintiff requested a hearing. *See* AR 17. After conducting a hearing, AR 38-70, the ALJ found Plaintiff not disabled in a decision dated March 14, 2025, AR 17-31.

**THE ALJ'S DECISION**

Utilizing the five-step disability evaluation process,[1] the ALJ found:

> **Step one**: Plaintiff has not engaged in substantial gainful activity since the amended alleged onset date.
>
> **Step two**: Plaintiff has the following severe impairments: left shoulder strain; post-traumatic stress disorder (PTSD); alcohol addiction disorder; anxiety; and depression.
>
> **Step three**: These impairments do not meet or equal the requirements of a listed impairment.[2]
>
> **Residual Functional Capacity**: Plaintiff can perform light work with the following additional limitations: never climb ladders, ropes, or scaffolds; occasionally balance and reach overhead bilaterally; no exposure to hazards such as unprotected heights and dangerous machinery; able to understand, remember, and carry out simple work and make simple work-related decisions; working in approximately two-hour intervals, with standard breaks provided; occasional, superficial interaction with the public; occasional interaction with co-workers and supervisors, but no collaborative work; occasional, routine workplace changes; and with work goals set by others.
>
> **Step four**: Plaintiff cannot perform past relevant work.
>
> **Step five**: As there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, Plaintiff is not disabled.

AR 17-31.

The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the Commissioner's final decision. AR 1-5. Plaintiff appealed the final decision of the Commissioner to this Court. Dkt. 1. The parties consented to proceed before the undersigned Magistrate Judge. Dkt. 2.

---

[1] 20 C.F.R. §§ 404.1520, 416.920.

[2] 20 C.F.R. Part 404, Subpart P., App. 1.

## LEGAL STANDARDS

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on harmful legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). As a general principle, an ALJ's error may be deemed harmless where it is "inconsequential to the ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (cited sources omitted). The Court looks to "the record as a whole to determine whether the error alters the outcome of the case." *Id*.

Substantial evidence is "more than a mere scintilla. It means - and means only - such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019) (cleaned up); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for evaluating symptom testimony, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

## DISCUSSION

Plaintiff argues the ALJ harmfully erred in assessing a medical opinion.[3] The Commissioner argues the ALJ's decision is free of harmful legal error, supported by substantial evidence, and should be affirmed.

---

[3] Because the Court finds no error in the assessment of the medical opinion, Plaintiff's derivative allegation of error in the assessed RFC need not be separately addressed.

### A. The ALJ Did Not Err in Assessing a Medical Opinion

Under regulations applicable to this case, the ALJ is required to articulate the persuasiveness of each medical opinion, specifically with respect to whether the opinions are supported and consistent with the record. 20 C.F.R. §§ 404.1520c(a)-(c), 416.920c(a)-(c). The "supportability" factor addresses the relevance of the objective evidence presented in support of an opinion, as well as the "supporting explanations" provided by the medical source. 20 C.F.R. §§ 404.1520c(c)(1), 416.920c(c)(1). The "consistency" factor examines the consistency of the opinion with evidence from other medical and nonmedical sources. 20 C.F.R. §§ 404.1520c(c)(2), 416.920c(c)(2). The more consistent an opinion is with that other evidence, the more persuasive it will be. *Id.* An ALJ's consistency and supportability findings must be supported by substantial evidence. *See Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022).

Plaintiff argues the ALJ erred in assessing the August 2023 medical opinion of David Widlan, Ph.D. *See* AR 1160-64. Dr. Widlan noted that the mental status examination (MSE) indicated deficits in memory, concentration, and social reasoning. AR 1164. Dr. Widlan opined that Plaintiff can cognitively accept simple instruction, but that more complex tasks would be too challenging, that he does not appear able to persist with adequate pace and would become easily overwhelmed by task demands, does not appear able to negotiate simple social stressors on a consistent and routine basis, and appears to have significant deficits in activities of daily living. *Id.*

The ALJ found Dr. Widlan's assessment of a global assessment of functioning (GAF) score of 43 and finding of an inability to persist with adequate pace or to negotiate simple social stressors not persuasive. AR 28. The ALJ observed that the opinion was based on a one-time exam and that Dr. Widlan appeared to have primarily reviewed outdated records and no records

since March 2022. *Id*. The ALJ found the degree of limitation Dr. Widlan opined partially supported by exam findings showing Plaintiff as agitated and exhibiting significant concentration deficits, but that those findings were not reflected in the routine counseling notes that generally show MSE findings within normal limits. *Id*. The ALJ found it noteworthy, in this context, that prior evaluator Dr. Shawn Kenderdine found evidence of malingering that was significant enough for him to forego rendering an opinion entirely. *Id*. The ALJ found the "drastic" limitations opined by Dr. Widlan further inconsistent with the claimant's later ability to essentially serve as a caregiver for his girlfriend after she suffered from a stroke. *Id*. The ALJ also, in rejecting another medical opinion generally concurring with Dr. Widlan, stated that the degree of impairment exhibited during Dr. Widlan's examination was entirely inconsistent with Plaintiff's presentation during routine counseling appointments and during a physical consultative evaluation that same month "where he is observed to be alert and oriented with intact concentration." *Id*.

Plaintiff does not demonstrate error in the ALJ's assessment. *See* Dkts. 9, 12. The ALJ did not, as an initial matter, err in observing that Dr. Widlan's opinion was based on a single examination and with consideration of records dated no later than 2022. *See* AR 1161 (noting report was based on clinical interview, including MSE, and medical records dated between October 2018 and March 2022). Instead, following this observation and as required, the ALJ considered Dr. Widlan's opinion with respect to both supportability and consistency.

Contrary to Plaintiff's contention, the ALJ did not base his supportability analysis on purported inconsistency with findings by other examiners. The ALJ reasonably found the degree of limitation opined by Dr. Widlan only partially supported by the examination findings. *See* AR 25 (also noting that, in Dr. Widlan's examination, Plaintiff made goal-directed statements, had

normal speech, was generally able to follow clinical interview, as fully oriented, with some impaired memory and insight, but intact fund of knowledge, and could complete serial threes with only one error and spell "world" forward and backward); AR 1163-64 (finding, in addition to various deficits on MSE, no issues in appearance, content of thought, stream of mental activity, orientation, abstract thinking, or fund of knowledge). The ALJ did not, moreover, wholly reject Dr. Widlan's opinion as to limitations in Plaintiff's functioning. The ALJ, consistent with Dr. Widlan's opinion, limited Plaintiff to only simple work and making simple, work-related decisions, and at least partially took into account his opinion with regard to persistence and social stressors by limiting Plaintiff to work in two-hour intervals, occasional interaction with co-workers and supervisors, but no collaborative work, occasional, routine workplace changes, and with work goals set by others. *See* AR 22, 1164.

It further remains that, even if a medical opinion is supported, or as in this case partially supported, an ALJ may properly find it unpersuasive because it is inconsistent with the record. *See Woods*, 32 F.4th 785, 793 n.4. The ALJ here found the degree of limitation opined by Dr. Widlan inconsistent with routine counseling notes generally showing MSE findings within normal limits and his presentation during a different examination that same month, with evidence of malingering, and with Plaintiff's ability to serve as his girlfriend's caregiver. *See* AR 28. Plaintiff fails to demonstrate error in any of these findings of inconsistency. *See* Dkt. 9 at 4-5; Dkt. 12 at 3. First, a review of the MSEs in the record shows that the ALJ's interpretation is both rational and supported by substantial evidence. *See, e.g.*, AR 610, 780, 1003, 1022-23, 1173, 1194-95, 1584-85, 1644. Second, the ALJ properly considered inconsistency between Dr. Widlan's opinion and the findings of malingering by another examining psychologist. *See* AR 564-67, 1427-30 (February 2023: "M-FAST indicates malingering/exaggeration of psychiatric

symptoms."). Finally, the ALJ reasonably found inconsistency between Dr. Widlan's opinion, including an apparent inability to negotiate simple social stressors, with evidence that Plaintiff was essentially serving as the caregiver for his girlfriend after she suffered a stroke. *See, e.g.*, AR 1258 ("Cl supported clt on taking care of his girlfriend after her stroke and taking her to her physical therapist. Clt got his car back from autobody it will be easier for him to take care of his girlfriend and drive her to appointments. Clt is doing a great job of managing stress."); AR 1261 ("Cl used empathy to discuss how clt is feeling with all the added stressors of taking care of his girlfriend. Cl supported clt on being so motivated to help his girlfriend and not stress about himself. He stepped up to the plate and has been very supportive of her needs.").

The Court, in sum, finds no error in the ALJ's assessment of Dr. Widlan's opinion.

## CONCLUSION

For the reasons set forth above, the Commissioner's final decision is **AFFIRMED** and this case is **DISMISSED** with prejudice.

Dated this 19th day of August, 2026.

S. KATE VAUGHAN
United States Magistrate Judge